UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH C. FINLEY, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>JAMES TAKISAKI, et al.,<br><br>   Defendants. | NO. C05-1118JLR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on Defendants' motion to dismiss Plaintiffs' second amended complaint (Dkt. # 51). Neither party has requested oral argument, and the court finds this motion appropriate for disposition based on the parties' briefs and accompanying declarations. For the reasons stated below, the court GRANTS Defendants' motion and dismisses this action with prejudice.

## II. BACKGROUND

The court summarized most of the facts and legal standards relevant to this motion in its April 28, 2006 order dismissing Plaintiffs' complaint with leave to amend ("prior order") (Dkt. # 44). The parties should read this order in conjunction with the prior order. In accordance with the prior order, Plaintiffs Joseph Finley and Harry Dorssers have filed a second amended complaint.

ORDER- 1

1  With one exception, the court's prior order applies with equal force to the second
2  amended complaint. Neither Mr. Finley nor Mr. Dorssers has standing to bring the claims
3  asserted in the second amended complaint. The claims belong solely to Hawks Prairie
4  Industrial Properties, LLC ("HPIP"), as stated in the prior order. Nothing in the second
5  amended complaint warrants a different conclusion.

6  Mr. Finley now asserts, however, that he is the successor-in-interest to HPIP, and thus
7  HPIP's claims are his to assert. The second amended complaint states as follows:

> After [Defendants'] false or wrongful claims in bankruptcy had been denied and dismissed, the buyer then transferred ownership of [HPIP], and all of the assets and rights of [HPIP] other than the real property, back to Finley . . . . H[PIP] ceased to exist and its legal entity was administratively dissolved. Finley succeeded to [HPIP]'s interests, rights, and causes of action against Defendants.

11  2d Am. Compl. ¶ 25.

12  Assuming for purposes of this motion that this assertion establishes that Mr. Finley
13  acquired HPIP's right to pursue the instant claims[1], the assertion also establishes that the
14  doctrine of res judicata bars the claims. In his attempt to plead away his lack of standing, Mr.
15  Finley has pleaded himself into a corner.

16  Where a first court resolves the merits of a prior claim between parties to a second
17  litigation, the prior judgment may serve as a bar to claims brought in the second action. See
18  Siegel v. Fed. Home Loan Mortgage Corp., 143 F.3d 525, 528-29 (9th Cir. 1998) (reviewing
19  res judicata principles). The Siegel court, considering the res judicata effect of a prior
20  bankruptcy action, noted that res judicata bars not only claims decided in a prior bankruptcy,

---

[1] As Defendants' point out, this assumption rests on shaky legal ground. The instant claims were assets of the HPIP bankruptcy estate, and Mr. Finley does not explain how the estate transferred the claims to him without approval of the court or the bankruptcy trustee, nor why the order confirming the bankruptcy plan does not bar these claims. The court's disposition of this motion makes it unnecessary to reach these issues.

ORDER- 2

but those that "*could have been asserted*" as well.  Id. at 529 (quoting Robertson v. Isomedix, Inc. (In re INTL Nutronics), 28 F.3d 965, 969 (9th Cir. 1994)) (emphasis in Siegel).

In this case, the allegations of the second amended complaint establish that the claims Mr. Finley now purports to assert as HPIP's successor could have been brought by HPIP in the bankruptcy proceeding.  HPIP retained "ownership" of all claims it could have brought against these Defendants until it allegedly transferred them to Mr. Finley.  According to the second amended complaint, the transfer occurred "[a]fter [Defendants'] false or wrongful claims in bankruptcy had been denied and dismissed." 2d Am. Compl. ¶ 25.  The court takes judicial notice of the docket in HPIP's bankruptcy action.[2]  Case No. 01-13543 (Bankr. W.D. Wash.).  The docket reveals that the bankruptcy court disallowed Defendants' breach of contract claim against HPIP on October 29, 2001, and disallowed their tortious interference claim against HPIP on December 17, 2001.  Each of these actions occurred months after the bankruptcy court confirmed HPIP's plan of reorganization in June 2001.  Given the subject matter of the claims before the court, it is clear that HPIP could have asserted them in the course of resolving Defendants' claims against HPIP in the bankruptcy court.  See Siegel, 143 F.3d at 529 (explaining debtor's obligation to bring claims in bankruptcy to avoid subsequent res judicata defense). The bankruptcy court's resolution of those claims, therefore, serves as a res judicata bar to the instant claims.

To the extent that Mr. Finley has obtained "ownership" of HPIP's claims in this action, he has obtained claims that cannot survive Defendants' res judicata defense.

## IV.   CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion to dismiss Plaintiffs' second amended complaint (Dkt. # 51).  The court concludes that no amendment of

---

[2] Litigation records are proper subjects of judicial notice in a motion to dismiss.  Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir 1988); see also Fed. R. Evid. 201.

ORDER- 3

the operative complaint would resuscitate these claims, and therefore DISMISSES this action with prejudice. The clerk shall enter judgment consistent with this order.

The court notes that Defendants have presented several additional grounds for dismissing the instant complaint. The court's resolution of this motion makes it unnecessary to reach them.

Dated this 22nd day of August, 2006.

JAMES L. ROBART
United States District Judge

ORDER- 4